ORIGINAL
FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 20 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| v. | : | NO. |
| TIMOTHY LYLE CHAPPELL | : | 1 10-CR-531 |

THE GRAND JURY CHARGES THAT:

## COUNT ONE

In and around June 2010, in the Northern District of Georgia, the defendant, TIMOTHY LYLE CHAPPELL, aided and abetted by persons known and unknown to the grand jury, did knowingly harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, a minor under the age of 18 years, namely "C.B.," knowing and in reckless disregard of the fact that "C.B." had not attained the age of 18 years and that force, threats of force, fraud, and coercion would be used to cause "C.B." to engage in a commercial sex act, all in violation of Title 18, United States Code, Sections 1591(a) and (b)(1), and Section 2.

## FORFEITURE PROVISION

As a result of committing the offense alleged in Count One of this indictment, the defendant, TIMOTHY LYLE CHAPPELL, shall forfeit to the United States pursuant to Title 18, United States

Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count One of this indictment, including but not limited to:

(a) A sum of money representing the amount of proceeds obtained as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

2

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461 (c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A  True  BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

*Zahra S. Karinshak*

ZAHRA S. KARINSHAK
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000 (telephone)
404/581-6181 (facsimile)
Georgia Bar No. 407911